Noah G. Hillen, ISB No. 7690
CHAPTER 7 BANKRUPTCY TRUSTEE
P.O. Box 6538
Boise, ID 83707
Telephone (208) 297-5774
Facsimile (208) 297-5224
ngh@hillenlaw.com

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In Re:<br><br>BOYCE, JASON ALLEN<br><br>BOYCE, SAMANTHA LILLIAN<br><br>              Debtors. | Case No. 19-00257-JMM<br>Chapter 7<br><br>**TRUSTEE'S AMENDED OBJECTION TO EXEMPTION** |
|---|---|

> **NOTICE OF OBJECTION AND OPPORTUNITY TO OBJECT AND FOR A HEARING**
>
> **No Objection.** The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within **14** days of the date of service of this notice.
>
> If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.
>
> **Objection.** Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.
>
> **Hearing on Objection.** The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

TO THE ABOVE NAMED COURT, THE DEBTORS AND DEBTORS' ATTORNEY:

<u>**NOTICE**</u>

      YOU ARE HEREBY NOTIFIED that the Trustee of the above estate objects to the following exemption(s) claimed by the debtor(s) in this proceeding:

| Asset | Specific Law | Value of Exemption |
|---|---|---|
| 1109 Powderhorn St.<br>Boise, ID 83713 | Idaho Code §§ 55-1001,<br>55-1002, 55-1003 | $100,000 |

**TRUSTEE'S AMENDED OBJECTION TO EXEMPTION - 1**

YOU ARE FURTHER NOTIFIED that the Trustee will ask the Court to grant an Order sustaining the objection(s) without further hearing unless a written reply to the Trustee's objection is filed in duplicate within fourteen (14) days from the date this objection is mailed. File the original (1) with the U.S. Bankruptcy Court, 550 W. Fort St., MSC 042, Boise, ID 83724; and (2) a copy with the Trustee. A written response to the Trustee's objection must be set for hearing and notice thereof mailed to parties in interest.

## **OBJECTION**

Trustee amends Trustee's Objection to Claim of Exemption (the "Objection") (Dkt. No. (18) due to Debtors filing their Amended Schedules A/B, C, and D (the "Amended Schedules") on May 7, 2019.

**1. The Objection**

Trustee's Objection was premised upon I.C. § 55-1003, which limits Idaho's homestead exemption to the lesser of $100,000 or the "net value" of the homestead. "Net value" is defined in I.C. § 55-1001 and means "market value less all liens and encumbrances." In their initial schedules, Debtors value the real property located at 1109 Powderhorn St., Boise, Idaho 83713 (the "Real Property") at $229,437 on their Schedule A/B. Debtors' initial Schedule D also disclosed the Real Property was encumbered by (1) a first lien in favor of Guild Mortgage in the amount of $144,472.67; and (2) a second lien in favor of Bronco Bail Bonds in the amount of $150,000. Because the value of the liens encumbering the Real Property exceed the value of the Real Property, Trustee's objection sought to allow Debtors' homestead exception in the amount of $0.

/ / /

/ / /

**TRUSTEE'S AMENDED OBJECTION TO EXEMPTION - 2**

### 2. The Amended Schedules

Debtors' Amended Schedules did two things. First, Debtors reasserted a $100,000 homestead exemption regarding the Real Property in Amended Schedule C. Second, Debtors reduced the claim of Bronco Bail Bonds in their Schedule D from $150,000 to $7,840.

On February 7, 2019, Samantha Boyce executed a Bail Bond Application and Agreement requesting the issuance of a $150,000 bond for Jason Boyce, who was then incarcerated. That same day, Samantha Boyce executed an Indemnitor Application and Agreement, in which she agreed to indemnify the surety posting the $150,000 bond, Bankers Insurance Company. On February 7, 2019, Debtors both executed a Deed of Trust securing all amounts owed Bankers Insurance Company under the Bail Bond Application and Agreement and the Indemnitor Application and Agreement.

Debtors were charged $12,150 in bond fees and other fees in connection with the bond. Debtors paid $3,100 on February 7, 2019 and $710 on February 19, 2019. The remaining $8,340 bond premium was to be paid in monthly installments of $350, with the final payment being $290. On the petition date, $7,840 of these fees remained unpaid. Debtors Amended Schedule D asserts that the Real Property only secured the unpaid bond premiums as of the petition date. However, the Deed of Trust secured not only the unpaid bond premiums, but also the $150,000 bond. Therefore, on the petition date, the value of the liens encumbering the Real Property exceed the value of the Real Property. Debtors' homestead exception should be allowed in the amount of $0.

Date:  May 15, 2019                                          /s/  Noah G. Hillen
                                                             Chapter 7 Bankruptcy Trustee

**TRUSTEE'S AMENDED OBJECTION TO EXEMPTION - 3**

## CERTIFICATE OF SERVICE

   I hereby certify that on this date as indicated below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the individuals so noted below. I further certify that, on the same date, I have mailed by United States Postal Service the foregoing document to the following non-EM/ECF Registered Participant(s) either listed below or on an attached list.

*Electronic Notification*

**US Trustee**    ustp.region18.bs.ecf@usdoj.gov

**Hyrum M Zeyer**    hyrum@petersonzeyerlaw.com, kellyrieker_petersonzeyerlaw@hotmail.com;r58646@notify.bestcase.com

*Served by U.S. MAIL*

BOYCE, JASON ALLEN
BOYCE, SAMANTHA LILLIAN
11019 POWDERHORN ST.
BOISE, ID 83713

               /s/ Noah G. Hillen
               Date: May 15, 2019

**TRUSTEE'S AMENDED OBJECTION TO EXEMPTION - 4**